UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DAVID ANTHONY MANTEY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7: 22-92-WOB |
| ) | |
| v. ) | |
| ) | |
| HECTOR JOYNER, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

David Mantey has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1]  The Court must screen the petition pursuant to 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In March 2014, Mantey was indicted in Greeneville, Tennessee for trafficking in crack cocaine and being a convicted felon in possession of two firearms and ammunition.  *United States v. Mantey*, No. 2:14-CR-25-1 (E.D. Tenn. 2014) [R. 7].  Mantey reached an agreement with the United States to plead guilty to the drug trafficking count and one felon-in-possession count in exchange for the dismissal of the other two weapons charges.  *See* [R. 15 therein].  In the plea agreement, Mantey expressly admitted to having numerous prior felony convictions, including:

- one August 2004 conviction in Tennessee for selling cocaine, for which he received a 12-year sentence;

- four April 1994 convictions in New York for Second Degree Robbery, 4th Degree Grand Larceny, First Degree Attempted Robbery, and Second Degree Attempted Robbery, for which he received an indeterminate sentence of one to six years; and

- one January 1994 conviction in New York for Second Degree Robbery, for which he received an indeterminate sentence of three to nine years.

1

*See Id*. at 4-5.  Pursuant to Rule 11(c)(1)(C), the parties agreed that Mantey would serve a 180-month sentence on each count, the two sentences to run concurrently with one another.  *See Id*. at 5.  As part of the plea agreement, Mantey specifically waived his right to challenge his convictions or resulting sentence.  *See Id*. at 8.  The agreed-upon sentence satisfied the statutory minimum required by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and was at the low end of the advisory guidelines range of 168 to 210 months imprisonment.  *See* [R. 24 therein at 2].  The trial court accepted the plea agreement and imposed the 180-month sentence.  *See* [R. 27 therein].  Mantey did not appeal.

Following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) (holding the ACCA's residual clause void for vagueness), Mantey filed a § 2255 motion challenging the asserted enhancement of his sentence under the ACCA.  *See* [R. 31 therein].  The trial court denied the motion in March 2017, noting that any form of robbery in New York involves "forcibly" stealing property by "using or threatening the immediate use of physical force upon another person."  *See* N.Y Crim. Law § 160.00 (1993) (cleaned up).  Mantey's Second Degree Robbery convictions therefore categorically qualified as violent felonies under the "use of force" clause in the ACCA, a clause undisturbed by *Johnson*.  *See* [R. 40 therein (*citing United States v. Bogle*, 522 F. App'x 15, 19 (2d Cir. 2013))].

In his current petition, Mantey invokes the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*) to argue that his Tennessee conviction for trafficking in cocaine pursuant to Tenn. Code. § 39-17-417 does not satisfy the definition of a drug trafficking offense within the meaning of U.S.S.G. § 4B1.2(b).  *See* [R. 1 at 4, 6]

Mantey's petition faces a threshold problem: his sentence was potentially subject to - although not actually enhanced by - the ACCA, not the Sentencing Guidelines.  *Havis*, which

2

focused solely on the career offender enhancement found in the Guidelines, is simply not relevant to his sentence. Instead the trial court could have found, consistent with recent Sixth Circuit precedent, that Mantey's conviction under Tenn. Code. § 39-17-417 for delivery of a controlled substance qualified as a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A)(ii). *See United States v. Goldston*, 906 F.3d 390, 395 (6th Cir. 2018) (so holding).

Possible misapprehensions regarding the significance of *Havis* aside, Mantey cannot challenge his sentence in a Section 2241 petition for several reasons. First, he waived the right to do so as part of his plea agreement. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *cert. denied*, 139 S. Ct. 1291 (2019). Mantey is bound by his agreement, and therefore barred from challenging his sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Second, Mantey's sentence was not the product of a Guidelines calculation, but was instead expressly required by the terms of his Rule 11(c)(1)(C) plea agreement, the terms of which he assented to and the trial court accepted. Third, Mantey's 180-month sentence fell within the advisory guidelines range of 168 to 210 months imprisonment. It is therefore not susceptible to collateral attack under § 2241. *Hueso v. Barnhart*, 948 F.3d 324, 332 (6th Cir.), *cert. denied*, 141 S. Ct. 872 (2020) (*citing Bullard v. United States*, 937 F.3d 654, 658-61 (6th Cir. 2019)). Finally, in addition to various other requirements to challenge a sentence enhancement under Section 2241, the petitioner must rely upon a Supreme Court decision which undermines the statutory basis for

3

a sentence enhancement; a decision from a lower court or a federal court of appeals will not suffice. *Hueso*, 948 F.3d at 334-35. *Havis*, a decision from the Sixth Circuit, is not an adequate basis upon which to seek relief under Section 2241.

Accordingly, it is **ORDERED** as follows:

1. The petition for a writ of habeas corpus filed by David Mantey [R. 1] is **DISMISSED**.

2. This action is **STRICKEN** from the Court's docket.

This the 1st day of September, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge